**In re WOOLSON.**
**Patent Appeal No. 2995.**

Court of Customs and Patent Appeals.
May 23, 1932.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and R. H. Hudson, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application for a patent upon alleged improvements in the construction of internal combustion engines was filed by Lionel M. Woolson in the United States Patent Office on December 11, 1925. All the claims in the application were rejected by both tribunals in the Patent Office, and, the applicant being deceased since the filing of the application, this appeal is prosecuted by his executrix.

The alleged invention consists of a structure for supporting the crank shaft of internal combustion engines, especially those of the V-type, such as are commonly used in the propulsion of aircraft. This construction consists of a web, cast integral with the crank case, supporting bearings in which the crank shaft rotates. The crank shaft is supported from beneath by a bearing cap, which cap is held in position by bolts which pass through the web and the cap, are secured by nuts at both ends, and are not threaded into either web or cap. These supporting bolts are arranged parallel to the axes of the cylinders. The said webs have downwardly disposed faces inclined to the longitudinal median line of the engine, so that the two faces thereof form an inverted V, the sides of which are normal to the axes of the cylinders. The aforesaid bearing caps have upwardly disposed faces arranged, also, in the form of an inverted V, to coact with the downwardly disposed faces of the said crank case web.

It is claimed for this construction that it has a tendency to eliminate lateral stress and shearing action on the bolts sustaining the crank shaft bearings. It is also argued that, in the prior art, the bolts were usually threaded into the crank case webs, and that the constant stress of the explosion load had a tendency to form minute cracks in the crank case adjacent to the stud holes, finally permanently injuring the web. This, it is claimed, is obviated by applicant's construction.

The rejected claims are eleven in number, and are as follows:

"1. The combination in an internal combustion engine having a crank case of a transverse web, a crankshaft bearing in the crankcase, a bearing cap wider at its upper portion than at its lower portion and means adapted to clamp the bearing against said web.

"2. The combination in an internal combustion engine having a crankcase of a transverse web having downwardly disposed faces inclined to the vertical median plane of the crankcase, a cap member having upwardly disposed faces inclined to co-operate with the faces on the web, a crankshaft bearing and means to clamp said bearing between said web and said cap member.

"3. The combination in an internal combustion engine having a crankcase of a transverse web integral with the crankcase, having faces inclined to the vertical median plane of the crankcase, a cap member having faces inclined to correspond to and contact the said web faces, a bearing, and tension members adapted to clamp said bearing between said web and said cap member.

"4. The combination in an internal combustion engine having a crankcase of a transverse web integral with the crankcase having downwardly disposed faces inclined to the vertical median plane of the crankcase, a cap member having faces inclined to correspond to and contact the said web faces, a bearing, and tension members disposed in the web and in the cap normal to said inclined surfaces adapted to clamp said bearing between the web and the cap member.

"5. The combination in an internal combustion engine having a crankcase and banks of cylinders thereon of a web in the crankcase integral therewith and having faces normal to the axial planes of said banks of cylinders, a cap member having faces adapted to bear against said web faces, a bearing having a portion supported in the web and a portion supported in the cap member and bolts parallel to the cylinder bands adapted to draw the said web and cap faces together to clamp the bearing in position.

"6. The combination in an internal combustion engine having a crankcase of a transverse web integral with the crankcase and provided with inclined holes, a cap member

adapted to bear against said web and having holes aligned with the said web holes, bolts in said holes, and a bearing clamped between the web and the cap member by said bolts.

"7. The combination in an internal combustion engine having a crankcase and banks of cylinders thereon of webs arranged transversely of the crankcase, a cap member in the vertical plane of each web, a bearing supported between each web and its cap member and oppositely inclined bolts passing through each cap member and web parallel to the respective cylinder banks, said bolts having nuts outside the crankcase adjacent the cylinders.

"8. The combination in an internal combustion engine having a crankcase of a supporting web therein, a cap member forming a beam in the vertical plane of the web, a bearing secured between the said member and web, and inclined bolts passing through the beam member and said web, and having heads arranged under said bearing."

"11. The combination in an internal combustion engine having a crankcase and banks of cylinders thereon, of a supporting web in the crankcase having faces inclined to the median vertical plane of the engine, a member having corresponding faces adapted to contact said web faces, a bearing between said web and member, and inclined bolts passing through said web and said member normal to the faces, to clamp said bearing in position.

"12. The combination in an internal combustion engine having a crankcase including a transverse web, of a bearing in said crankcase, a supporting member for said bearing having upper faces adapted to contact said web, and inclined members passing through the web and the supporting member adapted to clamp said bearing therebetween.

"13. The combination in an internal combustion engine having a crankcase including a transverse web, of a bearing in said crankcase, a supporting member for said bearing having upper and lower faces and of greater width at its upper face than at its lower face, and inclined members passing through the web and the supporting member and engaging the lower face beneath the bearing, to clamp said bearing between the web and the supporting member."

These claims were rejected upon the following references: Strong, 330,525, November 17, 1885; Roos, 1,467,251, September 4, 1923; Hall, 1,299,709, April 8, 1919; Ingram, 1,395,785, October 18, 1921.

In addition, the examiner refers in his decision to the British patent, No. 221,104. However, as this patent is not cited as a reference, and does not appear in the transcript, it will not be here considered.

The Hall reference, which was the sole reliance of the Board of Appeals, shows a construction for two types of engines, the upright or straight, and the V-types. Both types have the crank shaft bearing supported by a crank case web and cap, joined on a horizontal line. In the upright type, the bolts holding the web and cap together pass through both and are held by shoulders and nuts. In the V-type, however, the upper bearing is not cast integral with the crank case. Bolts run from the cylinder heads, and parallel with the cylinders, through the crank case web, and are threaded into the upper bearing. The upper bearing is attached to the lower bearing by means of separate bolts.

We are unable to discern wherein the Hall reference may be considered an anticipation of appellant's application. The construction is obviously different. The novel features as adapted to a V-type motor, namely, the inclined contacting faces of the bearing supports, and the supporting elements passing freely, entirely through both webs and caps, are absent. It is argued by appellant's counsel that, in the V-type of motor, such an arrangement of the supporting bolt elements will result in the attachment of the nuts at the lower extremities thereof at a point almost directly beneath the crank shaft, and thus, by shortening this bearing, will strengthen it and make it possible to construct it of lighter material.

It is obvious that the construction of appellant has many advantages, which are not shown, nor hinted at, in the Hall reference.

It is argued that the idea of inclined faces for bearings is old in the prior art, as shown by the references Ingram and Strong. Ingram shows in his drawings a crank pin bearing having upper and lower bearings, apparently, with inclined faces. The specification and claims are silent as to this feature, and the showing has every indication of being accidental. Strong's patent is a lubricator in which the shaft revolves in a chambered bearing, which bearing consists of two parts. The lower part of the bearing is V-shaped and the upper part an inverted V-shape, with opposed faces fitting closely together. As explained by the specification, this inclination of the opposed surfaces is for the purpose of preventing loss of lubricant, which might be lost if the opposed faces were horizontal of the median line of the shaft. There is no sug-

gestion here of the basic idea of appellant as applied to a crank shaft bearing.

The only other reference is Roos, which shows supporting bolts parallel with the cylinders in a vertical type of engine, passing through web and cap, but threaded into the cap and thus subject to the defect suggested by the applicant here.

We are of opinion that the combination of appellant, as applied to a V-type engine, is something more than an aggregation of elements, old to the art. It is something more than a matter of form, and seems to be an improvement in the art, producing new and useful results. In this view of the matter, we are inclined to disagree with the Board of Appeals as to claims 7 and 11 of the appellant's application, which claims include all elements of the combination which are claimed to be new to the art.

The other claims all omit some element of this combination, each of which, to our minds, seems to be essential to the inventive character of the combination.

The decision of the Board of Appeals is affirmed as to claims 1, 2, 3, 4, 5, 6, 8, 12, and 13, and reversed as to claims 7 and 11.